UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MAGMA SCIENTIFIC, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 7:26-cv-00093<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST AMAZON WEB SERVICES, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Magma Scientific, LLC ("Plaintiff" or "Magma") makes the following allegations against Amazon Web Services, Inc. ("Defendant" or "Amazon"):

**INTRODUCTION AND PARTIES**

1.　　This complaint arises from Defendants' unlawful infringement of United States Patent No. 11,328,206 (the "Asserted Patent"). Magma owns all right, title, and interest in the Asserted Patent to file this case.

2.　　Plaintiff Magma is a Scientific, LLC is a limited liability company organized under the laws of the State of Texas, with a location at 6600 Chase Oaks Blvd. Ste. 150, Plano, TX 75023-2383.

3.　　On information and belief, Amazon Web Services, Inc. is a Delaware corporation with its principal place of business at 410 Terry Ave. North, Seattle, Washington 98109. Amazon Web Services, Inc. may be served through its registered agent Corporation Service Company, 211

1

E. 7th Street, Suite 620, Austin, Texas 78701. On information and belief, Amazon Web Services, Inc. is registered to do business in the State of Texas and has been since at least May 3, 2006. On information and belief, Amazon Web Services, Inc. is a wholly-owned subsidiary of Amazon.com, Inc.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patent.

6. Venue as to Defendant is proper in this District. For example, Amazon has a regular and established place of business, including, e.g., at Amazon Tech Hub located at 11501 Alterra Parkway, Austin, TX.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 11,328,206

7. Magma realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Magma owns all rights, title, and interest in U.S. Patent No. 11,328,206, titled

"Systems and methods for optimizing operations of computing devices using deep neural networks," issued on May 10, 2022 (the "'206 Patent"). A true and correct copy of the '206 Patent is attached as **Exhibit .**.

9. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain instrumentalities ("Accused Instrumentalities"), including AWS EC2, that directly infringe, literally and/or under the doctrine of equivalents, one or more claim of the '206 Patent.

10. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '206 Patent, including claim 1. A claim chart comparing independent claim 1 of the '206 patent to a representative Accused Instrumentality, is attached as **Exhibit .**, which is hereby incorporated by reference in its entirety.

11. Defendant also knowingly and intentionally induces infringement of one or more claims of the '206 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '206 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '206 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Instrumentalities in ways that directly infringe the '206 Patent (for example, through user manuals and instruction materials on its website and/or otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '206 Patent, thereby specifically intending for and inducing its customers to infringe the '206 Patent through the customers' normal and customary use of the Accused Instrumentalities. Defendant also knew

or was willfully blind that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Plaintiff's '206 Patent in the United States because Defendant had knowledge of the '206 Patent and actively induced others (*e.g.,* its customers) to directly infringe the '206 Patent.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '206 Patent pursuant to 35 U.S.C. § 271.

13. As a result of Defendant's infringement of the '206 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

14. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '206 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

15. Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '206 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '206 Patent. Plaintiff is therefore entitled to enhanced damages.

16. Plaintiff's '206 Patent is valid and enforceable.

## PRAYER FOR RELIEF

WHEREFORE, Magma respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the Asserted Patent, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiff that Defendant has induced infringement of the Asserted Patent;

c. A judgment and order requiring Defendant to pay Magma its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patent;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Magma, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Magma its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Magma, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 13, 2026               Respectfully submitted,

                                    /s/ Reza Mirzaie
                                    Reza Mirzaie (CA SBN 246953)
                                    rmirzaie@raklaw.com
                                    Jonathan Ma (CA SBN 312773)
                                    jma@raklaw.com
                                    Christian Conkle (CA SBN 306374)
                                    cconkle@raklaw.com
                                    Joshua Scheufler (CA SBN 330462)
                                    jscheufler@raklaw.com
                                    **RUSS AUGUST & KABAT**
                                    12424 Wilshire Boulevard, 12th Floor
                                    Los Angeles, CA  90025
                                    Telephone: 310-826-7474

                                    *Attorneys for Plaintiff*
                                    *Magma Scientific, LLC*